# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW A. LAWRIE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA STATE PRISON AT CORCORAN, et al.,<br><br>　　　　Defendants. | Case No. 1:18-cv-01456-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* BE DENIED<br><br>(ECF No. 9)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Matthew A. Lawrie ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on October 2, 2018, in the United States District Court for the Central District of California. (ECF No. 1.) The action was transferred to the Eastern District on October 19, 2018. (ECF No. 4.) Currently before the Court is Plaintiff's motion for leave to proceed *in forma pauperis*. (ECF No. 9.)

**I.　Motion for Leave to Proceed *In Forma Pauperis***

Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state

1

a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1] Plaintiff has been informed in prior cases that he is subject to § 1915(g).[2]

The Court has reviewed Plaintiff's complaint and finds that his allegations do not satisfy the imminent danger exception to section 1915(g).[3] Andrews v. Cervantes, 493 F.3d 1047, 1053−55 (9th Cir. 2007).

Plaintiff alleges that on May 21, 2018, he suffered an on the job injury at California State Prison-Corcoran ("CSP-COR"), and that CSP-COR refused him medical treatment resulting in a multiple slipped-disc of 9-10 thoracic spine vertebrae. Plaintiff states that his injuries have caused nerve damage to his spine and he suffers numbness to his lower and upper extremities, headaches, dizziness, loss of weight, and severe pain in his mid-back. Plaintiff alleges that despite filing grievances related to his injury and rights to compensation and medical care through worker's compensation benefits, he has only received ibuprofen for pain and a lumbar brace for support. Plaintiff alleges that his current institution is refusing him an MRI even though a physical therapist has noted nerve damage. Plaintiff contends that he is being harmed by lack of medical care, specifically CDCR's refusal to perform an MRI and allow him to provide him a consulting physician outside of CDCR. (ECF No. 1.)

While the Court takes Plaintiff's well-pleaded factual allegations as true, the Court is not required to accept Plaintiff's conclusory statement that the only treatment that would constitute appropriate medical care is an MRI and examination by an outside consulting physician. Plaintiff alleges that he has received medication for his pain, a brace to support his back, and has been examined by a physical therapist. Plaintiff does not allege that any of these treatments and

---

[1] The Court takes judicial notice of the following United States District Court cases: (1) Lawrie v. State of Cal., Case No. 1:11-cv-00471-DLB (E.D. Cal.) (dismissed on July 28, 2011 for failure to state a claim); (2) Lawrie v. State of Cal., Case No. 1:11-cv-00551-LJO-GSA (E.D. Cal.) (dismissed on August 19, 2011 for failure to state a claim and as frivolous); (3) Lawrie v. Allison, Case No. 1:11-cv-00947-BAM (E.D. Cal.) (dismissed on February 8, 2012 for failure to state a claim); (4) Lawrie v. Allison, Case No. 1:11-cv-01821-GSA (E.D. Cal.) (dismissed on October 26, 2012 for failure to state a claim); (5) Lawrie v. Allison, Case No. 1:13-cv-00443-SKO (E.D. Cal.) (dismissed on January 13, 2014 for failure to state a claim).

[2] The Court takes judicial notice of the following: (1) Document 12 in Lawrie v. Allison, Case No. 1:12-cv-00166-GBC (E.D. Cal.); (2) Document 3 in Lawrie v. Allison, Case No. 1:12-cv-00177-LJO-DLB (E.D. Cal.); (3) Document 8 in Lawrie v. Sherman, Case No. 1:12-cv-01238-DLB (E.D. Cal.).

[3] The Court expresses no opinion on the merits of Plaintiff's claims.

consultations have stopped.  On that basis, the Court finds that Plaintiff's conclusory allegation of possible future harm resulting from not receiving his preferred treatment, is insufficient to trigger the "imminent danger of serious physical injury" exception to dismissal under § 1915(g).  Therefore, Plaintiff has not satisfied the exception from the three strikes bar under 28 U.S.C. § 1915(g).  Plaintiff must pay the $400.00 filing fee if he wishes to litigate this action.

**II.     Conclusion and Recommendations**

Based on the foregoing, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that:

1. The motion to proceed in forma pauperis (ECF No. 9) be DENIED, pursuant to 28 U.S.C. § 1915(g); and
2. Plaintiff be ORDERED to pay the $400 initial filing fee in full to proceed with this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     **November 13, 2018**                    /s/ *Barbara A. McAuliffe*
                                                                 UNITED STATES MAGISTRATE JUDGE