1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MATTHEW A. LAWRIE,                    No.  1:18-cv-01456-DAD-BAM (PC)

12               Plaintiff,

13        v.                              ORDER ADOPTING FINDINGS AND
                                          RECOMMENDATIONS DENYING
14   CALIFORNIA STATE PRISON AT           PLAINTIFF'S APPLICATION TO PROCEED
     CORCORAN, et al.,                    *IN FORMA PAUPERIS* AND REQUIRING
15                                        PLAINTIFF TO PAY THE FILING FEE TO
                Defendants.               PROCEED WITH THIS ACTION
16
                                          (Doc. Nos. 9, 10)
17

18

19        Plaintiff Matthew A. Lawrie, a state prisoner, proceeds *pro se* in this civil rights action

20   filed on October 2, 2018, in the United States District Court for the Central District of California.

21   (Doc. No. 1.)  The action was transferred to the Eastern District of California on October 19,

22   2018.  (Doc. No. 4.)  The matter was then referred to a United States Magistrate Judge pursuant to

23   28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

24        On November 14, 2018, the assigned magistrate judge issued findings and

25   recommendations recommending that plaintiff's application to proceed *in forma pauperis* be

26   denied and that plaintiff be required to pay the $400.00 filing fee in full to proceed with this

27   action because (1) he is subject to the three strikes bar under 28 U.S.C. § 1915(g) and (2) the

28   allegations in plaintiff's complaint to do not satisfy the "imminent danger of serious physical

1

injury" exception to § 1915(g).  (Doc. No. 10.)  Those findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service.  (*Id.* at 3.)  Plaintiff filed objections on November 30, 2018.  (Doc. No. 11.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the undersigned has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, including plaintiff's objections, the undersigned concludes that the findings and recommendations are supported by the record and proper analysis.

Plaintiff's primary objection to the findings and recommendations is based upon his renewed assertion that he cannot afford to pay the filing fee in this action and that he should be allowed to proceed *in forma pauperis* because this action "is worthy."  (Doc. No. 11 at 1.)  Plaintiff has attached several inmate appeal forms to his objections, which apparently relate to incidents that occurred after this action was initiated, as evidence of his ongoing difficulties in attempting to litigate this action.  (*See id.* at 2–15.)  Plaintiff's objections, however, fail to address the magistrate judge's finding that he is subject to the three strikes bar under 28 U.S.C. § 1915(g) since five prior actions he has filed in this district have been dismissed for failure to state a claim or as frivolous.  The court finds no legal basis upon which to question the magistrate judge's

/////

/////

/////

/////

/////

/////

/////

/////

/////

/////

/////

findings and recommendations in that regard.[1]  Furthermore, the allegations set forth in plaintiff's complaint are insufficient to trigger the "imminent danger of serious physical injury" exception to dismissal under § 1915(g).  To the extent plaintiff has attempted in his objections to raise new issues and claims based upon events that occurred after this action was initiated, those claims are not relevant to the court's finding that he has failed to establish he was in imminent danger at the time the complaint in this action was filed.

/////

_____

[1]  The court notes, however, that four of the dismissal orders relied upon as strikes under § 1915(g) by the magistrate judge in this case were issued by magistrate judges following only the consent of the plaintiff to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). Subsequent to those dismissal orders, the Ninth Circuit issued its opinion in *Williams v. King*, 875 F.3d 500, 504–05 (9th Cir. 2017), in which the court held that absent the consent of all parties, including unserved defendants, magistrate judges lack jurisdiction to enter dispositive decisions including orders of dismissal.  The decision in *Williams* raises another issue not yet addressed by the Ninth Circuit:  May prior orders of dismissal issued by magistrate judges without the consent of all parties later be counted as strikes under § 1915(g) if they otherwise qualify as such under that statute?  The undersigned has elected to avoid resolving this question where it was unnecessary to the determination of whether a plaintiff was prohibited from proceeding *in forma pauperis* in a particular case.  *See Mitchell v. Davey*, No. 1:16-cv-01148-DAD-EPG (PC), 2018 WL 1586449, at *1, n.2 (E.D. Cal. Apr. 2, 2018).  However, in a case where consideration of this question was required, the undersigned has been persuaded, for the reasons explained by the magistrate judge in findings and recommendations, that where a magistrate judge issued a pre-*Williams* order dismissing a case with only the plaintiff's consent to magistrate judge jurisdiction, the dismissal can still count as a "strike," so long as the order has not been declared void by way of an appeal or other appropriate challenge.  *See Bontemps v. Hicks*, No. 1:16-cv-01854-DAD-EPG, 2018 WL 1905648, at *2–4 (E.D. Cal. Apr. 23, 2018), *findings and recommendations adopted by* 2018 WL 5291963 (E.D. Cal. Oct. 23, 2018).  While the undersigned remains persuaded that such a conclusion is correct as a matter of law, the court also acknowledges that the issue has not been addressed by the Ninth Circuit or any other circuit, and that a reasonable argument can be made to the contrary.  *See Allen v. Meyer*, 755 F.3d 866, 868 (9th Cir. 2014) (Absent consent, "the magistrate judge had no jurisdiction to enter final judgment on behalf of the district court, and any purported judgment is a nullity."); *Kofoed v. Int'l Bhd. of Elec. Workers, Local 48*, 237 F.3d 1001, 1004 (9th Cir. 2001) ("Where the magistrate judge has not received the full consent of the parties, he has no authority to enter judgment in the case, and any purported judgment is a nullity."); *Reynaga v. Cammisa*, 971 F.2d 414, 417 (9th Cir. 1992) (Holding that, absent consent of the parties, an order staying an action issued by a magistrate judge "was beyond the magistrate's authority: it was beyond his jurisdiction and was, in essence, a legal nullity"); *see also Orff v. United States*, 358 F.3d 1137, 1149–1150 (9th Cir. 2004) (Because "the district court never had jurisdiction to issue its rulings on the merits . . . [w]e must vacate as nullities [those] rulings" and they are therefore not "binding in this or any other case."); *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380-81 (9th Cir. 1988) ("If jurisdiction was lacking, then the court's various orders . . . were nullities.").

Accordingly:

1. The findings and recommendations (Doc. No. 10) issued on November 14, 2018, are adopted in full;

2. In accordance with 28 U.S.C. § 1915(g), plaintiff's application to proceed *in forma pauperis* (Doc. No. 9) is denied;

3. Within **twenty-one (21) days** following service of this order, plaintiff shall pay the $400.00 filing fee in full to proceed with this action. If plaintiff fails to pay the filing fee within the specified time, this action will be dismissed; and

4. The matter is referred back to the assigned magistrate for proceedings consistent with this order.

IT IS SO ORDERED.

Dated:   **March 12, 2019**

UNITED STATES DISTRICT JUDGE